UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK JOSEPH KELLEY,<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>        Defendant. | Case No.  2:21-cv-01794-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 9<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff brings this suit against the California Department of Corrections and Rehabilitation ("CDCR") and correctional counselor Sat Lynshided. ECF No. 9 at 1-2. He claims that defendants violated his rights by delaying his release from prison.[1]  *Id.* at 3.  I find that he has failed to state a cognizable claim against either defendant and recommend that this action be dismissed.

---

[1] Judging by his address, plaintiff was ultimately released. The only issue is whether his release was timely.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, in June of 2016 and while incarcerated at Solano State Prison, he met with defendant Lynshided to discuss his "annual report." ECF No. 9 at 3. At some point in their conversation, Lynshided expressed the importance of having a prison job and told plaintiff he was eligible for all jobs excepting welding. *Id.* Lynshided then turned his computer terminal around

2

so that plaintiff could see it. *Id.* Plaintiff alleges that he saw his release date on the screen and that it fell in early 2019. *Id.* The meeting concluded and, on some later, unidentified date, plaintiff met with a new counselor. *Id.* He asked the new counselor about his 2019 release date and the latter professed to know nothing about it. *Id.* When plaintiff asked to speak with Lynshided, he was told that the counselor had been transferred elsewhere. *Id.* Plaintiff claims that he was not released on the date he was shown, though he does not allege what person or entity was responsible for the delay. *Id.*

Plaintiff left the "relief" section of the amended complaint blank, ECF No. 9 at 6, but in his previous complaint he sought monetary damages for each day his release was delayed. ECF No. 1 at 6. As I explained in my last order, he cannot sue CDCR for monetary damages in this action. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). And plaintiff has not alleged any wrongdoing against defendant Lynshided. He states that this defendant inadvertently showed him his release date, but does not otherwise claim that Lynshided played any part in the events preceding the filing of this suit.

This is plaintiff's second complaint, and he is no closer to stating a cognizable claim. Accordingly, I RECOMMEND that plaintiff's amended complaint, ECF No. 9, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

IT IS SO ORDERED.

Dated:   May 18, 2022                           /s/ Jeremy Peterson
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE